## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **JULIE SLAYTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **8:04CV600** |
| vs. ) | |
| ) | **ORDER** |
| **ASSET ACCEPTANCE, L.L.C.,** ) | |
| ) | |
| **Defendant.** ) | |

This matter is before the court on plaintiff's MOTION TO COMPEL ANSWERS TO DISCOVERY AND FOR SANCTIONS (#31). Due to the appearance of substitute counsel, defendant was given until June 30, 2005 to respond to the motion. The defendant served amended discovery responses on June 30 (*see* #79), and also mailed them to chambers, apparently in response to the pending motion to compel. The documents were received in chambers on July 14, 2005, and the court asked the Clerk to file the documents under seal, *see* NECivR 5.3(c), as defense counsel was previously instructed to do. Plaintiff subsequently filed a reply, maintaining that defendant's answers are inadequate.

Plaintiff's motion pertains to the following requests:

### A.  Requests for Admissions Nos. 4, 6, 10 and 21 (Fed. R. Civ. P. 36)

Under Rule 36, a party may serve a request for admission on another party on matters "that relate to statements or opinions of fact or of the application of law to fact.... [W]hen good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." Fed. R. Civ. P. 36(a). The purpose of Rule 36(a) is to expedite trial by eliminating the necessity of proving undisputed issues and thus narrowing the range of issues for trial. *See, e.g., Workman v. Chinchinian*, 807 F. Supp. 634, 647 (E.D. Wash. 1992); *Lakehead Pipe Line Co., Inc. v. American Home Assurance Co.*, 177 F.R.D. 454, 457-58 (D. Minn. 1997).

While the intended impact of an admission is to conclusively establish the admitted fact, there will be times when the answer cannot be a succinct yes or no, and a qualification of the response is indeed necessary. *See Henry v. Champlain Enter., Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003).

Turning to the requests at issue, the court notes that defendant has admitted Request No. 4 and finds that defendant's amended responses to Requests Nos. 6, 10, and 21 are appropriately qualified. The motion to compel will be denied as to the requests for admissions.

### B. Interrogatories Nos. 5, 6, 9, 10 and 16

Defendant's amended response to **Interrogatory No. 5** satisfactorily clarifies that the debt in question is owned by the defendant as a purchased debt, and defendant itself is the creditor.

**Interrogatory No. 6** asks the defendant to "describe all collection activities which defendant was authorized to perform by the creditor in this case." Defendant's amended response indicates only that "all activities were authorized by the Defendant as the creditor." This response is deficient in that it does not describe the activities, and defendant will be required to provide a supplemental response.

**Interrogatory No. 9** asks the defendant to describe its "maintenance of procedures reasonably adapted to avoid violation of the FDCPA." Defendant contends this request is overly broad, but has provided documents regarding its procedures. I believe these documents are adequately responsive.

**Interrogatory No. 10** asks for the "names, addresses, job titles, duties, and present employment of each person employed by Defendant who handled any aspect of the account which is subject of this suit" and that defendant indicate each person's specific role with regard to the account. Defendant objected on grounds of overbreadth, but identified six individuals who "handled the subject account solely for purposes of collecting the amount due." Four of the individuals are no longer employed by the defendant; three of these individuals have no forwarding address. I find that defendant should be required to supplement its response and identify all persons who were assigned to work on the account.

**Interrogatory No. 16** asks how many times the defendant reported information regarding plaintiff's account to any credit bureau. Defendant was asked to identify the date of transmission, to which bureau it was made, the contents of each transition, and the person who made the transmission. Defendant's relevance objection is overruled. Although defendant identified transmissions which occurred on four separate dates, it did not reveal the contents of each transition or the person who made each transmission. As to the June 6, 2003 transmission, defendant will also be required to specifically identify the bureaus to which information was sent.

### C.  Requests for Production Nos. 5, 7, 10 and 12

**Request No. 5** asks for "all manuals, instructions, guidelines, and other documents setting forth policies and procedures to be used by employees of Defendant with respect to collecting debts."  Defendant's relevance objection is overruled.  Defendant has provided its "Third Party Collection Agency/Debt Purchaser/Factoring Company Reporting" guidelines and certain debt validation procedures dated June 1999 through February 2005, and plaintiff's reply does not specifically identify any defect in this response.

**Requests Nos. 7 and 16** ask for "all documents, including without limitation computer records, and collection notes, which refer or relate to Plaintiffs, or are retrievable under any number assigned to Plaintiff," and "all documents signed by the Plaintiff which authorize the collection of [$565.02 interest.]"  It appears that defendant has provided responsive documents, and plaintiff's reply does not specifically address any defect in the response.

**Request No. 10** is for "all documents relating to the maintenance of procedures by Defendant to ensure compliance with and avoid violation of the FDCPA or create a bona fide error defense."  Defendant's relevance objection is overruled. Defendant's response was to refer to the same documents it provided in response to Request No. 5, and plaintiff's reply does not specifically address any defect in this response.

**Request No. 12** seeks "all manuals, instructions, guidelines, and other documents of the Defendant setting forth policies and procedures with respect to reporting and/or transmitting information to credit bureaus."  Defendant provided responsive documents, and plaintiff's reply does not identify any deficiency in the response.

### D.  Costs and Attorney's Fees

Fed. R. Civ. P. 37(a)(4)(A) provides that if a motion to compel discovery is granted, or if requested discovery is provided after a motion to compel or sanction is filed, sanctions shall be awarded to the moving party absent a showing of good cause for the non-disclosure by the opposing party.  A party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that its position is substantially justified.  *See Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994).  Further, "[A] party may not avoid sanctions merely by producing the documents after a motion has been filed." *Illinois Tool Works, Inc. v. Metro Mark Prods., Ltd.*, 43 F. Supp. 2d 951, 960 (N.D. Ill. 1999) (citing *Second Chance Body Armor, Inc. v. Am. Body Armor, Inc.*, 177 F.R.D. 633, 636 (N.D. Ill. 1998)).  I find that the defendant has failed to demonstrate that its failure to timely provide discovery was substantially justified. Accordingly, monetary sanctions will be assessed against the defendant.

Since Rule 37 allows only the recovery of reasonable fees and expenses "incurred in making the motion," plaintiff may <u>not</u> recover fees and costs incurred in obtaining information by subpoena from other sources.

## ORDER

Having reviewed the materials submitted by the parties,

**IT IS ORDERED** that plaintiff's Motion to Compel is granted in part, and denied in part, as follows:

1. The motion is granted with respect to Interrogatories Nos. 6, 10 and 16. Defendant shall serve supplemental responses to these interrogatories on or before **August 8, 2005**.

2. The motion is denied as to the requests for admissions, in light of defendant's amended responses.

3. The motion is denied as to plaintiff's requests for production of documents, without prejudice to plaintiff filing, if necessary, a renewed motion to compel specifically addressing the adequacy of defendant's responses.

4. Plaintiff is entitled to an award of costs and attorney's fees pursuant to Fed. R. Civ. P. 37. The parties shall be heard on the matter of costs and sanctions as follows:

   a. On or before **August 8, 2005**, plaintiff shall electronically file a motion for costs and attorney's fees, together with an affidavit attesting to the time and expenses incurred in complying with NECivR 7.1(i) and preparing the motion to compel discovery.

   b. Defendant shall electronically file a response, if any, to plaintiff's motion for attorney's fees on or before **August 22, 2005**, at which time the issue of costs and sanctions will be deemed submitted and a written order entered.

**DATED July 25, 2005.**

        **BY THE COURT:**

        **s/ F.A. Gossett**
        **United States Magistrate Judge**