IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JULIE SLAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:04CV600 |
| vs. | ) | |
| | ) | ORDER |
| ASSET ACCEPTANCE, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's MOTION TO COMPEL ANSWERS TO PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS (#94). Plaintiff has substantially complied with NECivR 7.1(i). The court has considered the defendant's responsive materials (#99) and plaintiff's reply (#100) and finds that the motion should be denied.

## LEGAL ANALYSIS

The scope of discovery in federal civil actions is set out in Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides, in part, that parties may obtain discovery

> regarding any matter, not privileged, that is *relevant to the claim or defense of any party*.... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence....

Plaintiff's discovery requests and defendant's responses thereto will be evaluated in this context. (Emphasis added).

**I. The Claims and Defenses Raised by the Parties**

Plaintiff's Amended Complaint (#36) alleges that defendant violated the Fair Debt Collection Practices Act (FDCPA) in its attempts to collect a credit card debt.

Exhibit A to the Amended Complaint is a redacted letter dated August 24, 2004 to the defendant from the plaintiff, advising that the plaintiff disputed a $2,932.80 credit card balance allegedly owed to Providian Bank.

Exhibit B to the Amended Complaint is a redacted communication dated August 31, 2004 from Providian Bank to the plaintiff, reflecting a balance due of $2,384.24. This letter extends a "BACK TO SCHOOL SPECIAL" offer to plaintiff to "remove $665.02 of interest on your account if you pay $2384.24 by September 30, 2004." The letter advises that if plaintiff paid off the account, "Asset Acceptance LLC will: • Provide a Paid Account Letter • Close out this account [and] • Report appropriately to the credit bureaus[.]" The reverse side of the letter consists of the PRIVACY POLICY of Asset Acceptance LLC. This policy, *inter alia*, explains that the defendant collects "nonpublic personal information" about debtors and may disclose "nonpublic personal information" to others under certain circumstances. The policy further provides, "Whenever we hire other organizations to provide support services, we will require them to conform to our privacy standards and to allow us to audit them for compliance."

Plaintiff's cause of action is based on her contention that the defendant's collection letter (Exhibit B) was sent after it received plaintiff's letter disputing the debt (Exhibit A) and

without validating the debt.  Plaintiff interprets Exhibit B to indicate that the defendant reported the account balance on plaintiff's credit report but then failed to show the account disputed upon receipt of Exhibit A.  Hence,  the Amended Complaint alleges that Asset Acceptance violated by the FDCPA by:

- making false or misleading statements to collect the alleged debt;
- using "false representation or deceptive means" to collect the alleged debt;
- communicating false credit information to credit bureaus;
- failing to communicate the credit bureaus that the debt was disputed;
- failing to provide proper validation of the debt;
- failing to cease collection efforts until validation was obtained; and
- making false representations as to the character, amount or legal status of the debt.

In its Answer to the Amended Complaint (#49), defendant affirmatively alleged that, if it did violate the FDCPA in those respects, "any such alleged violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error, within the meaning of 15 U.S.C. § 1692k(c); and "if it did violate any applicable provisions of 11 U.S.C. § 1681 et seq., any such violation was not 'willful' within the meaning of 15 U.S.C. § 1681(n)."

### II.  The May 18, 2005 Filing

On March 17, 2005, the court approved and adopted the parties' stipulated protective order in which the parties agreed to protect the confidentiality of documents and information

pertaining to the plaintiff's credit reports, the plaintiff's personal identifiers, and any credit information or files from any credit bureau pertaining to the plaintiff.

On May 12, 2005, plaintiff filed a notice scheduling the deposition of Douglas Quinn, who was at that time acting as defense counsel. On May 18, 2005, Mr. Quinn filed a motion to quash the deposition notice and for a protective order. He also filed an affidavit and evidence in support of the motion. Those materials contained confidential information but were not filed under seal as required by the March 17 protective order. Although the documents were stricken from the record on May 25, the confidential information remained accessible as an unsealed document through the court's CM/ECF System until that time.

### III. The Disputed Interrogatories

In June 2005, plaintiff served a second set of interrogatories, numbered 1 through 11. Defendant objected to each interrogatory (1) on the grounds that plaintiff exceeded the maximum number of written interrogatories allowed under Fed. R. Civ. P. 33; (2) on grounds of relevance; and (3) on the grounds that they sought the discovery of attorney-client privileged information and/or information protected by the work product doctrine. Defendant also objected on grounds of undue burden and overbreadth with respect to Interrogatories Nos. 2, 4, 8, 9, and 10.

Regarding defendant's objection that plaintiff has exceeded the number of interrogatories allowed by Rule 33, it is true that Rule 33 generally limits the parties to serving "written interrogatories, not exceeding 25 in number including all discrete subparts."

However, upon review of the parties' Rule 26(f) planning report, the parties were each given leave to serve fifty (50) interrogatories, including subparts, on any other party. Under NECivR 33.1(c),

> For purposes of determining the number of interrogatories, including sub-questions, each inquiry that endeavors to discover a discrete item of information shall be counted as a separate interrogatory. For example, a question which states: "Please state the name, address, and telephone number of any witness to the accident set forth in the complaint" shall be counted as three interrogatories.

The defendant has not provided a clear record of actually how many interrogatories the plaintiff has served. Nor was the matter discussed in defendant's brief. The objection based on numerosity will, therefore, be deemed waived as to the interrogatories at issue in this motion.

It is not at all apparent that any of the interrogatories seek attorney-client privileged information and/or information protected by the work product doctrine.

Turning to objections based on relevance, Interrogatories Nos. 1, 2, 3, 4, 5, 6, 7, 8, 10 and 11 (Second Set)[1] all request information related to the "privacy policy" provided with the August 31, 2004 collection letter: who authorized, approved, or created the policy; what the various phrases of the policy mean; the procedures used to carry out the privacy policy; and the privacy policy as applied to defendant's regaining Mr. Quinn to defend it in this lawsuit.

---

[1] The parties are encouraged to comply with NECivR 33.1(a), which provides: "Sequential Numbering. The parties shall number each interrogatory sequentially, regardless of the number of sets of interrogatories."

Interrogatory No. 11 specifically refers to prior defense counsel's inadvertently filing confidential information with the court.

Although the plaintiff contends this information is relevant to defendant's bona fide error defense, the Amended Complaint addresses only the defendant's conduct in sending the August 31, 2004 collection letter, and its bona fide error defense must be evaluated in that context. The court agrees with the defendant that these interrogatories do not address any claim or defense raised by the parties in their pleadings. The court specifically rejects plaintiff's contention that these interrogatories seek information relevant to defendant's bona fide error defense. Defendant's objections to plaintiff's Interrogatories Nos. 1, 2, 3, 4, 5, 6, 7, 8, 10 and 11 (Second Set) are sustained on grounds of relevance.

Interrogatory No. 9 asks the defendant to "identify by case name and court all other FDCPA lawsuits against Defendant in the last 5 years." The relevance of this information was not specifically discussed by the plaintiff and is not evident to the court. Defendant's objection to Interrogatory No. 9 is also sustained on grounds of relevance.

### IV. Requests for Admissions

As the parties were previously advised, Fed. R. Civ. P. 36 allows a party to serve requests for admission on another party on matters "that relate to statements or opinions of fact or of the application of law to fact.... [W]hen good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." Fed. R. Civ. P. 36(a).

The purpose of Rule 36(a) is to expedite trial by eliminating the necessity of proving undisputed issues and thus narrowing the range of issues for trial. *See, e.g., Workman v. Chinchinian*, 807 F. Supp. 634, 647 (E.D. Wash. 1992); *Lakehead Pipe Line Co., Inc. v. American Home Assurance Co.*, 177 F.R.D. 454, 457-58 (D. Minn. 1997). While the intended impact of an admission is to conclusively establish the admitted fact, there will be times when the answer cannot be a succinct yes or no, and a qualification of the response is indeed necessary. *See Henry v. Champlain Enter., Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003).

The disputed requests for admission address various aspects of the "privacy policy" included in the August 31, 2004 collection letter. The qualified responses given with respect to Requests Nos. 1, 2 and 3 are adequate. The defendant objected to the other requests, *inter alia*,[2] on grounds of relevance.

As explained above, the defendant's bona fide error defense must be evaluated in conjunction with the actual stated bases for plaintiff's claim, and the bases for plaintiff's claim do not include the alleged dissemination of plaintiff's personal nonpublic information. It thus appears that the plaintiff seeks admissions regarding matters that are merely tangential to her claim for relief. Requiring the defendant to answer the remaining requests for admissions would not tend to expedite the trial by eliminating the necessity of proving

---

[2]The defendant also–disingenuously–maintained that it could not respond to several of the requests because the term "nonpublic information" had not been defined. That term, however, was taken verbatim from the defendant's own Privacy Policy.

undisputed issues. The Motion to Compel will, therefore, be denied with respect to plaintiff's Requests for Admissions.

### V.  Requests for Production

Initially, I note that the defendant objected to all of plaintiff's requests for production on the ground that plaintiff seeks the discovery of attorney-client privileged information and/or information protected by the work product doctrine. In this respect, the defendant has not complied with paragraph 3 of the initial progression order (#14), which provides:

> **Withholding Documents from Disclosure or Discovery.** If any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall disclose the following information about each such document withheld: a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were given to them; (f) the document's present location and the identity and position of its custodian; (g) the specific reason or reasons why it has been withheld from production or disclosure.

Plaintiff's Requests for Production of Documents (Second Set) generally seek documents related to defendant's "privacy policies" regarding the protection of personal nonpublic information of consumers. Plaintiff contends the requests seek information relevant to defendant's bona fide error defense.

After careful consideration, the court agrees with the defendant that these requests for production of documents are not relevant to the claims and defenses actually raised in the

pleadings.  I find that defendant's objections to Plaintiff's Requests for Production of Documents (Second Set) should be sustained on grounds of relevance.

Notwithstanding the statement in defendant's collection letter that "[w]henever we hire other organizations to provide support services, we will require them to conform to our privacy standards and to allow us to audit them for compliance," it is obvious that plaintiff's actual complaint is not based on any violation of this policy.  I also doubt that this language was intended to apply to a licensed attorney employed to defend Asset Acceptance in a lawsuit.  For these reasons, I decline to expand the scope of discovery to include matters related to any breach of defendant's privacy policy caused by Mr. Quinn's inadvertent filing of confidential information with the court on May 18, 2005.

## ORDER

**IT IS ORDERED:**

1.  Plaintiff's MOTION TO COMPEL ANSWERS TO PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS (#94) is denied.

2.  The circumstances of this discovery dispute would make an award of expenses unjust and the court declines to award costs or fees to either party.  *See* Fed. R. Civ. P. 37(a)(4)(B).

> Pursuant to NECivR 72.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" on or before **January 10, 2006**. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law.  The filing of

a statement of appeal does not automatically stay the magistrate judge's order pending appeal.  *See* NECivR 72.2(d).

**DATED December 28, 2005.**

          **BY THE COURT:**

          **s/ F.A. Gossett**
          **United States Magistrate Judge**